UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **DERRECK ROBINSON** | | : | |
| | Plaintiff | : | CIVIL ACTION |
| | | : | No. |
| v. | | : | |
| | | : | |
| **THE GETTYSBURG HOSPITAL;** | | : | **JURY TRIAL DEMANDED** |
| **ABC CORP. 1-10** | | : | |
| | Defendants | : | |

## CIVIL ACTION COMPLAINT

**I.   PARTIES**

1. Derreck Robinson (hereinafter "Plaintiff") is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing in Philadelphia.

2. Plaintiff is an African American male, and thus is in a protected class due to his race.

3. The Gettysburg Hospital (hereinafter "Defendant") is a Pennsylvania corporation, with a registered office located at and operating in Gettysburg, Pennsylvania, duly organized and authorized under the laws of the Commonwealth of Pennsylvania.

4. ABC Corporations 1-10 are corporations not yet known who have ownership and/or control over Defendant, and who acted as Plaintiff's employer.

5. At all times material and relevant to this complaint, Defendant was acting by and through its agents, servants, workmen, employees and/or representative who were acting within the course and scope of their employment and/or agency with said Defendant. The conduct, action and/or omissions of the agents, servants, workmen, employees and/or representatives of defendant is imputed to defendant and defendant is fully liable for the conduct, action and/or omissions for its agents, servants, workmen, employees and/or representatives.

## II.     JURISDICTION AND VENUE

6. Subject matter jurisdiction is appropriate in this Court because this Court has federal question jurisdiction over Plaintiff's 42 U.S.C. § 1981 claims. Personal jurisdiction is appropriate because the Court has general jurisdiction over the Defendant and specific jurisdiction over matters arising out of Plaintiff's employment.

7. Venue is appropriate for this action because this is the vicinage where the events underlying this matter took place.

## III.    UNDERLYING FACTS

8. Plaintiff worked for the Defendant as a Registered Nurse.

9. During his employment with the Defendant, Plaintiff was the only African American nurse and he was subjected to racial discrimination.  At all relevant times, he performed his job well and received multiple positive accommodations for his work from patient and staff.

10. The discrimination that Plaintiff faced included, but was not limited to, being written up for actions for which other employees would not be written up.

11. Additionally, when Plaintiff was verbally abused by patients and co-workers and would complain to management, nothing was ever done. When other employes, who were not African American, were similarly abused, the situation was handled by Defendant.

12. Plaintiff was also regularly mocked for his support of President Joe Biden, despite the fact he made it clear that is support was due to his belief that President Donald Trump's policies negatively impacted African Americans.

13. As the only African American registered nurse who spoke out about racial issues, Plaintiff was isolated and suffered from differential treatment.

14. Eventually, that differential treatment culminated in Plaintiff's termination.

15. Plaintiff was terminated due to an alleged incident where a patient called 911 because she alleged that she was threatened by Plaintiff.

16. The patient later recanted that she was threatened, and the police did not press any charges.

17. There were no third-party witnesses to the alleged incident.

18. Plaintiff had never, and would never, threaten violence to a patient.

19. Other than a brief phone call, Plaintiff was not invited to participate in the investigation. If he had been asked about the incident, Plaintiff could have explained that the patient was being uncooperative and argumentative, and that he was holding the phone telling the patient he was going to call other personnel to help if the patient was not cooperative. At no point did he threaten the patient and he was not holding up the phone to threaten the patient.

20. The fact that the police took no action on the incident was not included in the investigation.

21. Instead, a number of baseless allegations unrelated to this incident were included in the investigation to which Plaintiff never had a chance to rebut or respond. These allegations had absolutely no prior documentation in Plaintiff's record, and he had never been confronted or warned about any of these allegations in the past. The first time he learned of them was when he received his termination paperwork.

22. The sham investigation was clearly pretextual, in order to terminate the Plaintiff because of his race.

## COUNT ONE

### Racial Discrimination / Termination Under 42 U.S.C. 1981

23. Plaintiff, Derreck Robinson, incorporates herein, by reference thereto, paragraphs one through twenty-two inclusive, as though the same were set forth herein at length.

24. Plaintiff was in a protected class due to his race.

25. From the time he started working for the Defendant, Plaintiff was treated differently.

26. Plaintiff suffered from racial discrimination that included differential treatment.

27. Plaintiff's termination violated 42 U.S.C. § 1981.

28. Plaintiff was terminated because of his race, in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendant, The Gettysburg Hospital and ABC Companies 1-10, in excess of $75,000, together with punitive damages, as well as costs, interest, and other relief the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire – PA ID 316939
*Attorneys for Plaintiff, Derreck Robinson*
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-295-4888 (f)
mnatale@malamutlaw.com